UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

S<small>EYDOU</small> F<small>REEMAN</small>,

Plaintiff,

v.

U<small>NITED</small> S<small>TATES</small> P<small>OSTAL</small> S<small>ERVICE</small>,

Defendant.

Case No. 18-cv-12246

U<small>NITED</small> S<small>TATES</small> D<small>ISTRICT</small> C<small>OURT</small> J<small>UDGE</small>
G<small>ERSHWIN</small> A. D<small>RAIN</small>

_____/

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT [#2]

### I. I<small>NTRODUCTION</small>

Plaintiff Seydou Freeman brings the present action against Defendant, the United States Postal Service, for the alleged misdelivery of a hand scanner. Dkt. No. 1-1, pg. 1 (Pg. ID 4). Plaintiff contends that Defendant should have delivered a hand scanner to him in 2017. *Id.* However, Plaintiff never received the hand scanner in the mail. *Id.*

Plaintiff brought his complaint against Defendant in the 36th Judicial District Small Claims Court on June 11, 2018. Dkt. No. 1-1, pg. 1 (Pg. ID 4). Defendant removed the action to this Court on July 18, 2018. Dkt. No. 1. Before the Court is Defendant's Motion to Dismiss Plaintiff's Complaint filed on July 18,

2018. Dkt. No. 2. Defendant requests this Court dismiss this action without prejudice for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. *Id.* On July 18, 2018, this Court issued an order for Plaintiff to respond to Defendant's Motion by August 22, 2018. Dkt. No. 4. Plaintiff failed to file a response to Defendant's Motion. For the reasons discussed below, this Court will grant Defendant's Motion and dismiss Plaintiff's complaint without prejudice.

## II. LEGAL STANDARD

When subject matter jurisdiction is challenged pursuant to Fed. R. Civ. P. 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive a motion to dismiss. *Wayside Church v. Van Buren Cty.*, 847 F.3d 812, 817 (6th Cir. 2017).

Fed. R. Civ. P. 12(b)(6) governs motions to dismiss. The court must construe the complaint in favor of the plaintiff, accept the allegations of the complaint as true, and determine whether plaintiff's factual allegations present plausible claims. *See* Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must "allege enough facts to make it plausible that the defendant bears legal liability." *Agema v. City of Allegan*, 826 F.3d 326, 331 (6th Cir. 2016). The facts need to make it more than "merely possible that the defendant is liable; they must make it plausible." *Id.* "Bare assertions of legal liability absent some

corresponding facts are insufficient to state a claim." *Id.* A claim will be dismissed "if the facts as alleged are insufficient to make a valid claim or if the claim shows on its face that relief is barred by an affirmative defense." *Riverview Health Inst., LLC v. Med. Mut. Of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010).

### III. DISCUSSION

Defendant asserts that this Court lacks subject matter jurisdiction because sovereign immunity applies. Dkt. No. 2, pg. 10 (Pg. ID 14). Sovereign immunity prevents the United States, its agencies, or officials from being subject to lawsuits unless it has consented to being sued. *Muniz-Muniz v. U.S. Border Patrol*, 741 F.3d 668, 671 (6th Cir. 2013). "Suits brought against the United States are therefore dismissed unless a claimant can point to an express waiver of sovereign immunity." *Jackson v. U.S.*, 751 F.3d 712, 716 (6th Cir. 2014). Sovereign immunity must be clearly expressed in statutory text, and it will not be implied. *Id.*

Here, Plaintiff is suing the United States Postal Service—an agency of the United States. Therefore, sovereign immunity is applicable. Plaintiff's complaint fails to plead that Defendant has waived its sovereign immunity. *See* Dkt. No. 1-1. Therefore, this Court holds that sovereign immunity precludes Plaintiff from bringing suit against the Defendant in this matter and this Court lacks subject matter jurisdiction over this claim.

Defendant additionally argues that Plaintiff has failed to plead sufficient facts to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). Dkt. No. 2, pg. 12 (Pg. ID 16). This Court agrees. Plaintiff's one-paragraph claim states, "my two value hand scanner was delivered to the wrong address . . . I have not got [a] response from USPS." Dkt. No. 1-1, pg. 1 (Pg. ID 4). This is the only statement that describes Plaintiff's claim against Defendant. This statement fails to allege sufficient facts to make it plausible that Defendant is liable. The complaint fails to state specifically the item that Plaintiff claims Defendant failed to deliver, with proof of its value. *See id.* The complaint also does not state any facts about the date of the alleged misdelivery, other than stating the package has been missing since 2017. *Id.* Plaintiff's complaint does not allege adequate facts that would allow Defendant to defend the action or this Court to rule on the matter. Therefore, this Court finds that Plaintiff's complaint fails to state a claim upon which relief can be granted.

## IV. CONCLUSION

For the reasons discussed herein, this Court will grant Defendant's Motion. Plaintiff's complaint is dismissed without prejudice.

SO ORDERED.

Dated: September 10, 2018

                                        s/Gershwin A. Drain
                                        HON. GERSHWIN A. DRAIN
                                        United States District Court Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on September 10, 2018, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Deputy Clerk